IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HAROLD W. NOLEN                                                                                          PLAINTIFF

VS.                                             CASE NO. 13-CV-4007

ASH GROVE CEMENT CORPORATION,
DAN PETERSON, CAREY AUSTELL, and
DAVID DAVIS                                                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss. (ECF No. 8). Defendants seek dismissal of each of Plaintiff's claims because they are either time-barred or fail to state a claim for relief. Plaintiff has filed a response in opposition. (ECF No. 11). Defendants have replied. (ECF No. 17). The matter is ripe for the Court's consideration.

### BACKGROUND

This is an action for employment discrimination. Plaintiff brings five claims: (1) violation of the Age Discrimination in Employment Act ("ADEA"); (2) violation of the Americans with Disabilities Act ("ADA"); (3) retaliation; (4) violation of the Arkansas Civil Rights Act ("ACRA"); and (5) outrage. He filed this lawsuit after receiving a demotion at his place of employment.

Plaintiff is employed at Defendant Ash Grove Cement Corporation, a company that operates a cement plant in Foreman, Arkansas.[1] Plaintiff once held the position of control room operator. However, on May 8, 2010, he was disciplined for a control room error that caused dangerous overheating of certain equipment. Shortly thereafter, in June 2010, he was disqualified as a control room operator and demoted to a lower paying chemist position.

---

[1] Defendant Peterson was the Plant Manager at Ash Grove Cement when the events in this matter took place. Defendant Austell was the Assistant Plant Manager, and Defendant Davis was the Production Superintendent.

On November 30, 2010, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") asserting claims for age and disability discrimination. Those claims were dismissed on August 5, 2011, and Plaintiff received a "right to sue" letter from the EEOC. Before filing any lawsuit, however, Plaintiff filed a formal grievance pursuant to a collective bargaining agreement between his employer and his union. While that grievance process was still pending, on November 2, 2011, Plaintiff filed suit in this Court.[2] That was the first of two lawsuits that he has filed in this Court related to Defendants' alleged discrimination.

In the first lawsuit, Defendants filed a motion to dismiss or to stay the matter pending arbitration. Plaintiff did not respond to the motion, but instead, decided to voluntarily dismiss the case. His explanation for doing so was that he wanted to pursue the grievance procedure set forth in the collective bargaining agreement between the parties. The Court entered an order of dismissal on January 11, 2012.

According to Plaintiff, after he dismissed the first lawsuit, the grievance procedure was delayed for several months, and Defendants were largely uncooperative during the process. The grievance process finally concluded on December 27, 2012 without providing Plaintiff any substantial redress for his grievances. Because Plaintiff was dissatisfied with the outcome, he filed the present action on January 10, 2013, re-alleging the same claims as he did in the first lawsuit.

## DISCUSSION

Defendants seek dismissal of Plaintiff's claims on two grounds—first, because certain claims are time-barred, and second, because the remaining claims are insufficient under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[2] That case was styled *Nolen v. Ash Grove Cement Corporation, et al.*, Case No. 4:11-cv-4107 (W.D. Ark. 2011).

2

I.  **Statute of Limitations Issues**

Defendants argue that Plaintiff's ADEA, ADA, and retaliation claims are barred by the relevant statutes of limitation, and therefore, must be dismissed.

  A.  ADEA and ADA Claims

Plaintiff's ADEA claim is subject to a 90-day limitations period as set forth under 29 U.S.C. § 626(e). Section 626(e) provides that if a charge filed with the EEOC is "dismissed or…otherwise terminated by the Commission, the Commission shall notify the person aggrieved." Thereafter, "a civil action may be brought…against the respondent named in the charge within 90 days after the date of the receipt of such notice." *Id*. Plaintiff's ADA claim is governed by a similar statute, 42 U.S.C. § 2000e-5(f)(1), which also provides for a 90-day limitations period beginning after notice is received.[3] In other words, Plaintiff had 90 days from August 5, 2011—the date he received notice of dismissal of his EEOC charge—to file a civil action against Defendants under the ADEA or ADA.

The parties in this case do not dispute that Plaintiff timely filed his first action in this Court, which was filed on November 2, 2011 and voluntarily dismissed on January 11, 2012. The issue is whether that timely filing and subsequent voluntary dismissal tolled the statute of limitations for the present action, which was filed on January 10, 2013, well after the 90-day limitations period had expired. The Eighth Circuit has addressed this issue directly and made clear that tolling does not apply.

A "'[d]ismissal without prejudice operates to leave the parties as if no action had been brought at all. Following such dismissal, the statute of limitations is deemed not to have been suspended during the period in which the suit was pending.'" *Gerhardson v. Gopher News Co.*,

---

[3] Section 2000e-5(f)(1) states in relevant part that "[i]f a charge filed with the Commission…is dismissed," the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge."

3

698 F.3d 1052, 1056 (8th Cir. 2012) (quoting *Moore v. St. Louis Music Supply Co.,* 539 F.2d 1191, 1194 (8th Cir. 1976)). Because the present action was filed well over 90 days after Plaintiff received his notice of right to sue from the EEOC, his ADEA and ADA claims are barred by their respective statutes of limitation.

Plaintiff nevertheless argues that these claims should not be dismissed because: (i) they are subject to the doctrine of equitable tolling; (ii) equitable estoppel applies; and (iii) Defendants waived their statute of limitations defense. Each of these arguments is unavailing.

> i. *Equitable Tolling*

Plaintiff argues that the statute of limitations should be tolled as a matter of equity because Defendants delayed the grievance process and were uncooperative after he voluntarily dismissed his first lawsuit.[4] The doctrine of equitable tolling "focuses on the employee's ignorance of a claim, not on any possible misconduct by the employer, and tolls the limitations period when the plaintiff, 'despite all due diligence, is unable to obtain vital information bearing on the existence of his claim.'" *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1033 (8th Cir. 2005) (quoting *Dring v. McDonnell Douglas Corp.,* 58 F.3d 1323, 1328 (8th Cir. 1995)).

Equitable tolling does not apply in this instance because Plaintiff was obviously aware of the existence of his claims—evidenced by the fact that he timely filed a lawsuit in this Court in 2011 alleging the same claims of discrimination presented here. He cannot now claim ignorance simply because the outcome of his employer's grievance process was dissatisfying. Accordingly, the Court finds that these claims are not subject to equitable tolling.

---

[4] The grievance process was not completed until nearly 12 months after Plaintiff voluntarily dismissed his first lawsuit.

### ii. Equitable Estoppel

Plaintiff next argues that his claims should not be time-barred because equitable estoppel applies. "The doctrine of equitable estoppel applies when the employee knows [he] has a claim, but the employer affirmatively and actively takes action that causes the employee not to timely file [his] suit." *Henderson*, 403 F.3d at 1033. In other words, equitable estoppel may apply when there is evidence that the plaintiff was induced not to timely file his claims. *Id.* There is no such evidence in this case.

Here again, Plaintiff timely filed his first lawsuit alleging the same claims against the same Defendants in 2011. He had every right and opportunity to maintain that action against them but chose to voluntarily dismiss the case. Plaintiff makes a conclusory allegation that Defendants induced him to dismiss his first action to follow the grievance process set forth under the parties' collective bargaining agreement. However, he does not mention any affirmative steps that Defendants took to actually induce him. As a practical matter, Plaintiff could have maintained his first lawsuit against Defendants while the grievance process ran its course. The fact that Plaintiff made a tactical decision not to seek redress through litigation, but instead to pursue an alternative grievance process, does not implicate equitable estoppel.

### iii. Waiver

Plaintiff further contends that his ADEA and ADA claims should not be time-barred because Defendants waived their right to bring a statute-of-limitations defense when they did not object to the voluntary dismissal of his first lawsuit. Plaintiff argues that because the dismissal was without prejudice, Defendants implicitly waived their objection to him reasserting those claims at a later date, even after the limitations period expired. The Eighth Circuit, however, has declined to find waiver in this context.

A party may implicitly waive a defense only where the party's conduct is "'so consistent with, and indicative of, an intention to relinquish [the defense] and so clear and unequivocal that no other reasonable explanation of the conduct is possible.'" *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 667 (8th Cir. 1995) (quoting *Medicare Glaser Corp. v. Guardian Photo, Inc.,* 936 F.2d 1016, 1021 (8th Cir.1991)). Indeed, this standard presents a high bar. In *Garfield*, the court reasoned that "[e]ven if plaintiffs' counsel specifically told the defendants' counsel that the case might be refiled, and the defendants' counsel did not object at that time, that is not sufficient evidence that defendants should have understood that plaintiffs would believe that the defendants were waiving future defenses to the refiling of the claim." *Id*.

Similarly here, Defendants' lack of an objection to Plaintiff's voluntary dismissal without prejudice does not constitute a waiver of their statute-of-limitations defense. Plaintiff has not identified a single unequivocal act by Defendants to enable the Court to find that they waived such a defense. Accordingly, Plaintiff's ADEA and ADA claims are time-barred and must be dismissed.

    B. <u>Retaliation Claim</u>

Defendants also assert that Plaintiff's retaliation claim is time-barred. In his complaint, Plaintiff does not specify whether he is asserting retaliation under federal law or state law; therefore, the Court must apply the relevant statute of limitations under each body of law. Regardless of whether the claim is brought under the ADEA, ADA, or ACRA, the limitations period has expired.

If Plaintiff is asserting retaliation under the ADEA or ADA, then he is subject to the same statute of limitations outlined above. As the Court has already explained, any such claim falls outside of the 90-day limitations period provided under either of those anti-discrimination

6

statutes. *See* 29 U.S.C. § 626(e); 42 U.S.C.A. § 2000e-5(f)(1). Therefore, as a matter of federal law, Plaintiff's retaliation claim is time-barred.

If Plaintiff is bringing his retaliation claim under the ACRA, his claim is subject to the limitations period under Ark. Code Ann. § 16-123-107. Section 16-123-107 provides that "[a]ny action based on employment discrimination…shall be brought within one (1) year after the alleged employment discrimination occurred, or within ninety (90) days of receipt of a 'Right to Sue' letter…from the [EEOC] concerning the alleged unlawful employment practice, whichever is later."

In this case, Plaintiff did not assert a claim of retaliation in his EEOC charge. Thus, the limitations period for this claim is not measured from the date he received his right to sue letter from the EEOC, as was the case with his ADEA and ADA claims. Instead, he is subject to the one-year limitations period under § 16-123-107.

The act of retaliation that Plaintiff refers to in his complaint is Defendants' decision to demote him from control room operator to a chemist position. That demotion occurred in June 2010. Therefore, his cause of action for retaliation under the ACRA accrued in June 2011. Plaintiff did not file his first action in this Court until November 2011, and he brought the present action in January 2013. Accordingly, the limitations period has expired on this claim.

## II.      Rule 12(b)(6) Issues

Defendants maintain that Plaintiff's discrimination claim under the ACRA and his outrage claim are subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(6) provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. The court must construe the plaintiff's complaint liberally, in a light most

favorable to the plaintiff, and accept all factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). However, a claim must be dismissed if the plaintiff has not proffered "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, both the ACRA discrimination claim and the outrage claim fall short of this standard.

      A.  ACRA Claim

Plaintiff alleges that Defendants violated the ACRA because they perceived him as being disabled, and that perception was a motivating factor in his demotion. Plaintiff does not allege that he was actually disabled. Indeed, he asserts that he "could have performed the essential functions of his position." (ECF No. 1).

This claim is subject to dismissal because the ACRA does not provide a cause of action for perceived disabilities. *Faulkner v. Ark. Children's Hosp.,* 69 S.W.3d 393, 402 (Ark. 2002); *see also Wang v. Walmart Stores, Inc.*, 424 Fed. Appx. 608, 609 (8th Cir. 2011). The Act simply does not contemplate claims by individuals who are "regarded as" having a disability by others. *Faulkner*, 69 S.W.3d at 401 (referencing Ark. Code. Ann. §§ 16-123-101, 16-123-102(3), and 16-123-107(a)(1)). "In this respect, the Arkansas Civil Rights Act differs materially from the federal Americans with Disabilities Act."[5] *Id*. Accordingly, Plaintiff has failed to state a claim for relief under the ACRA, and this claim must be dismissed.

---

[5] The federal legislation provides the following definition of "disability:"

B. <u>Outrage Claim</u>

Plaintiff asserts that Defendants committed the tort of outrage by willfully engaging in outrageous conduct in their decision to demote him. They allegedly did so while knowing that Plaintiff would likely suffer severe mental and emotional distress.

To make out a claim for the tort of outrage, a plaintiff must establish four elements:

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was 'extreme and outrageous,' was 'beyond all possible bounds of decency,' and was 'utterly intolerable in a civilized community;' (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Faulkner*, 69 S.W.3d at 403-04. The Arkansas Supreme Court has taken a "very narrow view of claims of outrage." *Id.* at 404. For example, the court has repeatedly found that "merely describing conduct as outrageous does not make it so." *Id*; *Crockett v. Essex*, 19 S.W.3d 585 (Ark. 2000); *Fuqua v. Flowers*, 20 S.W.3d 388 (Ark. 2000).

In this case, Plaintiff has failed to state a claim that is plausible on its face because he cannot establish the second element of his claim. Plaintiff alleges that Defendants' conduct was extreme and outrageous when they demoted him, but he fails to state what aspects of the demotion were extreme or outrageous. The simple act of being demoted, in itself, is certainly not beyond all possible bounds of decency. Considering the high standard set by the Arkansas Supreme Court for outrage claims and Plaintiff's failure to describe any conduct that was actually outrageous, this claim must be dismissed.

---

The term "disability" means, with respect to an individual: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) *being regarded as* having such an impairment.

42 U.S.C. § 12102(2); *Faulkner*, 69 S.W.3d at 401.

9

## CONCLUSION

For the reasons explained above, the Court finds that Defendants' motion should be and hereby is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice.**

**IT IS SO ORDERED**, this 26th day of August, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge